IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MARA NICHOLE KINOFF, | Case No. |
| Plaintiff, | |
| v. | |
| COLORADO SCHOOL OF MINES BOARD OF TRUSTEES, in its official capacity, KARIN RANTA-CURRAN, in her individual capacity, and DOES 1 – 10, whose true names are unknown, | |
| Defendants. | |

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972 AND NEGLIGENCE**

NOW COMES Plaintiff, **MARA NICHOLE KINOFF**, by and through her attorneys, The Law Office of Keith Altman, and for her Complaint against Defendants, hereby states the following:

1.  This is an action seeking damages for Defendant's violation of Title IX of The Education Act Amendments of 1972. Plaintiff also claims for Negligence under the law of the State of Colorado.

**COMPLAINT**

1

## PARTIES

2.  Plaintiff Mara Kinoff ("Kinoff") is a former student of the Colorado School of Mines. Kinoff attended the Colorado School of Mines from Fall 2014 until Spring 2016. She was a minor child until August 2, 2015.

3.  Colorado School of Mines ("CSM") is a public research university located in Golden, Colorado. CSM is governed through Defendant CSM Board of Trustees. As a public institution, CSM receives federal funds and is therefore subject to Title IX of The Education Act Amendments of 1972.

4.  On information and belief, at all times relevant to this action, Defendant Karin Ranta-Curran was employed by CSM as the lead Title IX coordinator.

5.  On information and belief, Doe Defendants were employed by CSM and worked in CSM's Title IX office or were otherwise involved in Plaintiff's Title IX action.

## JURISDICTION & VENUE

6.  This action arises under the laws of the United States, and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

7.  This action arises under the following federal statutes: Title IX of The Education Act Amendments of 1972. Pub.L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq., which prohibits discrimination based on sex in educational institutions receiving federal funding.

8.  In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claim for negligence. This is because this state

**COMPLAINT**

law claim is so closely related to the federal question claim that it forms the same case or controversy under Article III of the United State Constitution.

9. This Court properly exercises personal jurisdiction over Defendant CSM Board of Trustees on the grounds that it is conducting business within the State of Colorado

10. This Court properly exercises personal jurisdiction over Defendant Karin Ranta-Curran on the grounds that she was an employee of CSM at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of Colorado.

11. This Court properly exercises personal jurisdiction over Doe Defendants on the grounds that they were employees of CSM at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of Colorado.

12. The proper venue for this case is in the United States District Court of Colorado because the events relevant to this action occurred within the State of Colorado.

## FACTUAL ALLEGATIONS

13. In 2014, at age sixteen, Kinoff graduated high school. She was her class Valedictorian. Her exceptional academic performance earned her an Army ROTC scholarship at CSM, and she began classes at CSM during the Fall semester of 2014, at the age of seventeen.

14. In November 2014, Kinoff began a romantic relationship with a fellow student and Army cadet ("Student").

**COMPLAINT**

3

15. Student quickly began exhibiting abusive behavior towards Kinoff. For the duration of the relationship, Kinoff was seventeen years old. Student exploited Kinoff's lack of experience to manipulate her. Student acted in a controlling manner towards Kinoff and physically assaulted her on several occasions.

16. The abusive behavior culminated on January 24, 2015. After arguing with Kinoff about what clothes he would allow her to wear to a party that evening, Student slapped Kinoff with enough force to knock the wind out of her. After a brief struggle, Kinoff was able to gather her belongings and run away from Student. Later that night, Student left multiple voicemails on Kinoff's phone threatening to commit suicide if she did not return to him. The ordeal put Kinoff into a state of emotional turmoil, causing her to have multiple panic attacks throughout the night.

17. Because Kinoff did not feel safe reporting for training where Student would be present, Kinoff reported the domestic violence to her ROTC Captain Defendant Karin Ranta-Curran ("Ranta-Curran"). Defendant Ranta-Curran was also the lead Title IX Coordinator at CSM during the entire duration of Kinoff's enrollment. Despite Kinoff reporting the incident to Defendant Ranta-Curran, Kinoff was never informed by Defendant Ranta-Curran or any Doe Defendant if a Title IX or police report had been filed on her behalf. In fact, Kinoff was never contacted by anyone from the CSM Title IX office at any point during her enrollment at CSM. The only support Kinoff received from anyone at CSM was instructions on how to schedule a counseling appointment.

18. Kinoff no longer felt safe on CSM campus due to her fear of Student. Her fear and anxiety rendered Kinoff unable to travel to and from her classes unless she was in a large group.

19. In February 2015, two officers from the CSM ROTC program demanded that Kinoff report for training even with Student present in the same building.

20. In March 2015, Kinoff dropped out of the CSM ROTC program due to feeling unsafe and unsupported.

21. In August 2015, Kinoff moved off-campus because she no longer felt safe living in her dorm.

22. By January 2016, Kinoff had fallen into a deep depression and her feelings of anxiety had intensified. Kinoff's deteriorating mental state prevented her from undertaking basic tasks. Her grades slipped to the point that she was placed on academic probation.

23. In May 2016, Kinoff made the decision to withdraw from CSM to focus on her mental health challenges.

24. Student never faced disciplinary consequences and graduated from CSM in 2016.

25. On June 25, 2020, Kinoff sent an email to the current CSM Title IX coordinator inquiring whether a Title IX report had ever been filed regarding the domestic violence she suffered from Student. Kinoff was informed that a Title IX report had been filed and closed on January 30, 2015.

26. This correspondence, some five years after the incident happened and was reported, was the first time Kinoff was made aware of the Title IX report.

27. The Title IX report contained significant inaccuracies, including but not limited to, the fact that the report failed to note that Kinoff was a minor at the time. It also incorrectly categorized the incident as one occurring between a student and a non-student. The record also did not indicate that a police report was filed, and incorrectly stated that Kinoff had received academic support.

## RESPONDEAT SUPERIOR AND AGENCY

28. Plaintiff incorporates by reference as if fully stated herein, Paragraph Nos. 1-25 of her Complaint in their entirety.

29. Defendant Ranta-Curran and the Doe Defendants committed the acts and omissions described in this complaint while in the course and scope of their employment and/or agency with CSM.

30. Under Colorado law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

31. At all times relevant to this action, Defendant Ranta-Curran and the Doe Defendants were employed by CSM. All their acts and omissions relevant to this action were undertaken within the scope of their employment with CSM.

## FIRST CAUSE OF ACTION
## Violation of Title IX of The Education Act Amendments of 1972
## (Against All Defendants)

32. Plaintiff Kinoff incorporates by reference as if fully stated herein, Paragraph Nos. 1-31 of her Complaint in their entirety.

33. Title IX of the Education Act Amendments of 1972 prohibits discrimination based on sex in educational institutions receiving federal funding. Schools receiving federal funding are required to employ at least one Title IX coordinator, a staff member responsible for Title IX compliance. 34 CFR 106.44 provides that such institutions must respond affirmatively when they receive "actual knowledge" that a student may have been discriminated against based on gender. This creates a duty for institutions to cause their Title IX coordinator to promptly investigate allegations of sex-based discrimination and provide accommodations to students that have suffered sex-based discrimination.

34. At all times herein mentioned Defendant CSM was a public university that received federal financial assistance through grants and federally assisted tuition payments collected from students. Thus, Defendant CSM is a recipient of Federal financial assistant for purposes of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

35. At all times herein mentioned Defendant Ranta-Curran was employed as the lead Title IX Coordinator at CSM.

36. The domestic violence Kinoff suffered at the hands of Student was perpetrated against Kinoff specifically based on Kinoff's gender. Kinoff is female. Student is male.

**COMPLAINT**

37. CSM had "actual knowledge" of this gender-based violence when Plaintiff reported it to her ROTC Captain. Therefore, CSM was legally required under Title IX to conduct a full and thorough investigation into the gender-based violence suffered by Kinoff.

38. Defendants violated their Title IX obligations and inflicted sex-based discrimination on Kinoff when:

   i. Defendant CSM through Defendant Ranta-Curran and the Doe Defendants opened and closed Kinoff's Title IX investigation on the same day thereby failing to initiate any meaningful Title IX investigation into Kinoff's domestic violence allegation.

   ii. Defendant CSM through Defendant Ranta-Curran and the Doe Defendants failed to undertake any affirmative actions to ensure that Kinoff felt safe on CSM campus.

39. Defendants' lack of due care in their Title IX investigation is evident from the following:

   i. Defendant CSM through Defendant Ranta-Curran and the Doe Defendants failed to undertake any communication with Plaintiff Kinoff regarding the status of her Title IX report.

   ii. Defendant CSM through Defendant Ranta-Curran and the Doe Defendants incorrectly characterized Kinoff's incident as one between a student and non-student in their Title IX report.

40. As a result of Defendants' violations, Kinoff suffered profound disruptions to her sense of safety while enrolled at CSM. This caused severe anxiety and depression, forcing Plaintiff to abandon her education and career goals for a time. Therefore, as a direct and proximate result of Defendants' unlawful sex-based discrimination, Kinoff was prevented from enjoying the full benefits of her education at CSM.

## SECOND CAUSE OF ACTION
### Negligence
**(Against Defendant Ranta-Curran and Doe Defendants)**

41. Plaintiff Kinoff incorporates by reference as if fully stated herein, Paragraph Nos. 1-29 of her Complaint in their entirety.

42. Defendants breached their duty of reasonable care by negligently acting or omitting to act in such a way that resulted in Kinoff's emotional harm and withdrawal from CSM. Defendants knew or should have known their actions and omissions posed a substantial risk of harm to Kinoff.

43. After being made aware of Kinoff's domestic violence allegations, Defendants were negligent in performing their duties thus they failed, neglected and/or refused to discharge their responsibilities properly and fully when:

> i. Defendant Ranta-Curran and the Doe Defendants opened and closed Kinoff's Title IX investigation on the same day, thereby failing to initiate any meaningful Title IX investigation into Kinoff's domestic violence allegation.

    ii. Defendant Ranta-Curran and the Doe Defendants failed to undertake any correspondence with Kinoff regarding the status of her Title IX report.

    iii. Defendant Ranta-Curran and the Doe Defendants incorrectly characterized Kinoff's incident as one between a student and non-student in their Title IX report.

    iv. Defendant Ranta-Curran and the Doe Defendants failed to undertake any affirmative actions to ensure that Kinoff felt safe on CSM campus.

44. By their negligent conduct, the Defendants have inflicted extreme and severe emotional distress on Kinoff, who is confronted with a complete disruption of her education and career plans which forced Kinoff to expend financial resources to pursue her education elsewhere. Therefore, Kinoff has suffered direct financial losses due to Defendants' unlawful and negligent conduct.

45. As a result of Defendants' conduct, Kinoff has also suffered from severe anxiety and depression which has affected her mental and physical wellbeing. Kinoff has been and continues to be treated by a therapist for these symptoms.

46. The emotional, psychological, and financial distress that the Kinoff has suffered and will continue to suffer was caused directly and proximately by the Defendants' unlawful and negligent conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kinoff requests that this Court grant her relief as follows:

(1) Compensatory damages for monetary loss, damage to reputation, humiliation, mental anguish, and emotional distress.

(2) Punitive damages against the Defendants.

(3) Attorneys' fees.

(4) Costs of the suit.

(5) Injunctive relief; and

(6) Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff Kinoff hereby demands a trial by jury on all issues stated in this action.

Date: September 29, 2021

                                    Respectfully Submitted,

                                    */s/Keith Altman*
                                    Keith Altman, Esq.
                                    The Law Office of Keith Altman
                                    33228 West 12 Mile Road - Suite 375
                                    Farmington Hills, MI 48334
                                    Telephone: (516) 456-5885
                                    keithaltman@kaltmanlaw.com
                                    A*ttorney for Plaintiff Mara Kinoff*