United States District Court for the District of Colorado
Magistrate Judge Kristen L. Mix

## Practice Standards
**Updated May 11, 2021**

1. Attorneys and *pro se* parties will cooperate with each other in providing available dates for hearings and depositions.

2. Attorneys and *pro se* parties will promptly and courteously respond to each other's correspondence and phone calls.

3. Attorneys and *pro se* parties will promptly supplement disclosures and discovery responses.

4. Attorneys and *pro se* parties will not make demeaning or abusive comments to counsel, litigants, or deponents. If the conduct is not permitted before the Court in person, it is not permitted in depositions.

5. Attorneys and *pro se* parties will fully confer about discovery disputes before bringing them to the attention of the Court. While conferring, attorneys and *pro se* parties will disclose *every* reason for their position regarding each discovery dispute.

6. Attorneys and *pro se* parties will be fully prepared to make appropriate and thorough arguments at all hearings. Attorneys will be prepared to present legal authority supporting their position.

7. Attorneys and *pro se* parties will be courteous to my staff at all times.

8. Attorneys and *pro se* parties will read and follow Court orders.

9. If the Court takes a matter under advisement and has not issued a written ruling within thirty (30) calendar days, attorneys and *pro se* parties will call (303) 335-2770 and politely inquire into the status of the Court's ruling.

10. Attorneys and *pro se* parties will note that the Court reserves the right to impose measured, proportionate sanctions for inappropriate conduct. Such sanctions include in-court admonishment, award of costs for discovery violations, referral to the disciplinary system of the Colorado bar, dismissal of claims or defenses and monetary awards.

United States District Court for the District of Colorado
Magistrate Judge Kristen L. Mix

## Discovery Dispute Hearing Procedures
**Updated May 11, 2021**

The steps for following Magistrate Judge Mix's discovery dispute procedure are as follows:

<u>Step 1</u>: Counsel must meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1(a). Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

**If the dispute relates to <u>taking</u> a deposition, see *Step 2.A.* below. If the dispute relates to written discovery, see *Step 2.B.* below. If the dispute relates to any other type of discovery issue, see *Step 2.C.* below.**

<u>Step 2.A.</u>: If a dispute about taking a deposition is not resolved, counsel for the party seeking the protective order must send an email addressed to Mix_Chambers@cod.uscourts.gov ***and*** to opposing counsel stating that the parties have a dispute about taking a deposition. The email must also contain the case number, the name of the party seeking the protective order, and the name of the deponent. *The email should not contain argument about the merits of the discovery issue.* The deposition shall be stayed pursuant to Local Rule 30.2(a) when the email is sent. The Court will contact counsel within three (3) court business days to set a hearing on the dispute. The stay of the deposition shall remain in effect until the Court issues its ruling.

<u>Step 2.B.</u>: If a dispute about written discovery (requests for production, interrogatories, etc.) is not resolved, the moving party must complete the written discovery dispute chart in the form attached. **The chart may include citations to legal authority but shall not include legal argument or extensive factual information. The parties shall be prepared to make legal arguments at the hearing.** The moving party must send the chart, the disputed discovery requests and the disputed responses to opposing counsel and to the Court at Mix_Chambers@cod.uscourts.gov. The Court will contact counsel within three (3) court business days to set a hearing on the dispute. Do not submit documents for *in camera* review without obtaining prior permission from the Court. Failure to follow these instructions about preparation of the written discovery dispute chart will result in denial of a hearing until such time as a compliant chart is submitted.

<u>Step 2.C.</u>: If a dispute does not involve written discovery and is not resolved through conferral with opposing counsel, counsel must agree on a mutually

convenient time to call the Court for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement. Call 303-335-2770.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

**Any materials provided to the court within two court business days of a discovery hearing SHALL NOT BE ACCEPTED OR REVIEWED unless the Court specifically orders otherwise.**

*Step 3*:   When counsel call the Court for a discovery hearing, the Court may determine, off the record, whether the issue is appropriate for immediate adjudication.  If not, the Court will set the matter for a hearing at a mutually convenient date and time in the future.

*Step 4*:   If the matter is appropriate for immediate adjudication, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

**Warnings:**   **The discovery dispute process outlined above will likely be your only opportunity to present legal authority supporting your position to the Court.  Hence, be prepared to do so at the time of the hearing.**

**Filing a disputed discovery motion without permission from the court *will* result in the motion being stricken, and *may* result in the**

**imposition of sanctions.  To the extent that these procedures conflict with the Local Rules of the Court, these procedures take priority over the Local Rules.**

**<u>Spoliation is a discovery issue</u>, and hence these procedures apply to disputes regarding spoliation.  If the alleged spoliation involves written discovery, the parties shall use Step 2.B. above.**

**No party or non-party may submit documents for *in camera* review without first receiving permission from the Court to do so.**

**The Court does not accept new issues for a pending discovery hearing with less than three business days' notice.**