9:30

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

MARA NICHOLE KINOFF,   Case No. 1:21-cv-02657-RMR-KLM

      Plaintiff,

v.   [~~PROPOSED~~] SCHEDULING ORDER

COLORADO SCHOOL OF
MINES BOARD OF TRUSTEES,
in its official capacity, KARIN
RANTA-CURRAN, in her
individual capacity, and DOES
1 – 10, whose true names are
unknown,

      Defendants.

*See Pre-Scheduling Conf. Order at #20*

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Scheduling Conference was held before Magistrate Judge Kristen L. Mix on March 16, 2022 in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

**Plaintiff Mara Nichole Kinoff** is represented by Keith Altman, appearing telephonically, 33228 West 12 Mile Road, Suite 375, Farmington, Michigan 48331; (248) 987-8929.

**Defendants Colorado School of Mines Board of Trustees and Karin Ranta-Curran** are represented by Skippere Spear, Senior Assistant Attorney General, Colorado Department of Law, State Services Section, Higher Education Unit, 1300 Broadway, 6th Floor, Denver, Colorado 80203; (720) 508-6140.

## 2. STATEMENT OF JURISDICTION

This action arises under the laws of the United States, and these federal statutes: Title IX of The Education Act Amendments of 1972. Pub.L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq. giving this Court has subject jurisdiction. This Court has

personal jurisdiction since Defendant CSM Board of Trustees conducts business within the State of Colorado. Defendant Karin Ranta-Curran and the Doe Defendants are and were employees of CSM at all relevant.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### A. PLAINTIFF MARA KINOFF

Plaintiff Mara Kinoff ("Kinoff") attended the Colorado School of Mines ("CSM") from Fall 2014 until Spring 2016. At the time, she was a minor. Kinoff claims violations of Title IX of the Education Act Amendments of 1972 and negligence.

The basis of Kinoff's claim stems for a romantic relationship that Kinoff had with schoolmate (also a minor at the time). Kinoff reported the gender-based violation to her ROTC Captain. CSM knew of the domestic violence Kinoff suffered at the hands of this student. CSM was legally required to conduct a full and thorough Title IX investigation into the gender-based violence suffered by Kinoff.

Defendant Ranta-Curran was employed as the lead Title IX Coordinator at CSM. Not only did the Title IX report

incorrectly characterized Kinoff's incident as one between a student and non-student but the outcome of the Title IX investigation was never communicated to Kinoff.

Moreover, Defendants' negligent breach of their duty to reasonable care for and protect Kinoff from harm resulted in substantial emotional harm and Kinoff's withdrawal from CSM.

### B.   Defendants Board of Trustees and Ranta-Curran:

Kinoff asserts claims pursuant to Title IX against the Board and claims pursuant to § 1983 against Ranta-Curran. Kinoff's claims are rooted in alleged abuse that occurred more than seven-years in the past. The claims are time-barred. But even if her claims were timely, Kinoff fails to allege a violation.

With regard to Title IX, it appears that Kinoff's romantic partner may have physically abused her outside of the Mines campus. Title IX does not apply under those facts. In any event, Kinoff does not allege that she reported the abuse to an appropriate person at Mines and her

allegations do not satisfy the "deliberate indifference" standard that applies to claims for money damages.

The § 1983 claims are for alleged violations of equal protection and substantive due process. As a state actor sued in her individual capacity, Ranta-Curran is entitled to qualified immunity unless Kinoff shows that Ranta-Curran's conduct violated clearly established rights of which a reasonable person would have known. But Kinoff does not allege that Ranta-Curran treated her differently from similarly situated persons or that Ranta-Curran acted with an intent to discrimination against Kinoff. Further, Kinoff's allegations do not shock the conscience. Kinoff cannot identify clearly established precedent imposing liability under similar circumstances.

### C. DOE DEFENDANTS.

On information and belief, Doe Defendants were employed by CSM and worked in CSM's Title IX office or were otherwise involved in Kinoff's Title IX action. At this time, Doe Defendants have not been yet identified.

## 4. UNDISPUTED FACTS

- Plaintiff Mara Kinoff attended the Colorado School of Mines from Fall 2014 until Spring 2016.
- Defendant Ranta-Curran was employed as the lead Title IX Coordinator at Colorado School of Mines.

### 5. COMPUTATION OF DAMAGES

*On or before March 31, 2022, π shall file a supplement identifying each category of economic losses sought and explaining the amount of damages currently sought in each category.*

Plaintiff seeks damages as outlined in her Complaint. Defendants do not seek damages, but may seek the recovery of their attorney fees and costs as permitted by law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: February 24, 2022.

b. Names of each participant and party he/she represented:

Keith Altman, Law office of Keith Altman for Plaintiff Mara Nichole Kinoff and

Skippere Spear, Colorado Department of Law, for Defendants Colorado School of Mines Board of Trustees and Karin Ranta-Curran.

c. Rule 26(a)(1) disclosures were made on March 10, 2022.

*π shall make initial disclosures by March 25, 2022.*

  d. Proposed changes, if any, in timing or requirements of disclosures under Fed. R. Civ. P. 26(a)(1): None.

  e. Statement concerning any agreements to conduct informal discovery: None.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties agree that they will serve by email or electronic means all discovery requests and written responses and any other papers that are not filed through the CM/ECF system unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery. The parties agree that document productions may be served on disc or thumb drive via first-class mail or through a file-sharing system.

The parties agree to take all reasonable steps to reduce discovery costs and litigation costs through use of a unified exhibit numbering system for deposition exhibits and where otherwise appropriate, utilizing Bates numbered labeling system for documents and items produced during the course of litigation.

The parties agree that remote depositions will be discussed in good faith whenever practical and technically feasible.

The parties agree to produce to the other parties any documents obtained via subpoena from a third party or through any open record act (including FOIA and CORA) related to this case to the extent permitted by law.

The parties agree that the production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party.

g. The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h. The investigation of the parties is ongoing and they have not extensively discussed the possibilities for promptly settling or resolving the case.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. The parties do not believe any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules will be necessary. *[handwritten: 10 dep'ns per side; 25 rog's per side]*

b. ~~Plaintiff does not believe that any limitations on the length of depositions will be necessary. Defendants propose that~~ Each deposition *shall* be limited to one-day of no more than seven hours.

c. ~~Plaintiff does not believe that any limitations on the number of requests for production and/or requests for admission will be necessary. Defendants propose~~ twenty-five (25) requests for production per ~~party~~ *side* and twenty-five (25) requests for admission per ~~party~~ *side*.

d. Other Planning or Discovery Orders .

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: March 15, 2022.

b. Discovery Cut-off: June 13, 2022.

c. Dispositive Motion Deadline: July 13, 2022.

d. Expert Witness Disclosure:

1. Anticipated ~~fields~~ *fields* of expert testimony: *π does not anticipate experts at this time; Δ anticipates only rebuttal experts.*

2. Limitations which the parties propose on the use or number of expert witnesses: *No more than 2 experts per side absent further leave of court.*

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) and the expert's file on or before May 13, 2022.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) and the expert's file on or before June 13, 2022.

e. Identification of Persons to Be Deposed:

Plaintiff's List:

1. Plaintiff's ex-boyfriend

2. Defendant Ranta-Curran

3. Employees of Colorado School of Mines with knowledge of the subject matter.

4. Witnesses anticipated to be identified during discovery.

Defendant's List:

1. Plaintiff Mara Nichole Kinoff.

2. Plaintiff's ex-boyfriend and alleged abuser.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: As needed.

b. A final pretrial conference will be held in this case on a date TBD by Judge Rodriguez ____ at o'clock ___m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement. None.

b. Anticipated length of trial and whether trial is to the court or jury. ☒ 5-day jury trial

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 16th day of March, 2022

BY THE COURT:

United States Magistrate Judge

APPROVED:

/s/Keith Altman

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

Skippere "Skip" Spear, Esq.
Sr Assistant Attorney General
Colorado Department of Law
State Services Section,
Higher Education Unit
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6140
Skip.Spear@coag.gov
*Attorneys for Defendants*