IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02657-RMR-KLM

MARA NICHOLE KINOFF,

    Plaintiff,

v.

COLORADO SCHOOL OF MINES BOARD OF TRUSTEES, et al.,

    Defendants.

## UNOPPOSED MOTION TO STAY DISCOVERY

Defendants, the Board of Trustees of the Colorado School of Mines and Karin Ranta-Curran (collectively, "CSM"), submit the following Unopposed Motion to Stay Discovery. As grounds therefore, Defendants state as follows:

Pursuant to D.C.COLO.LCivR 7.1, counsel for the parties conferred regarding the relief requested herein. Plaintiff does not oppose the requested relief.

A court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). In addition, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Good cause is shown where the moving party files a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced. *Merrill*

1

*Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks and citation omitted). Defendants have filed a dispositive motion [#23] and are only requesting a stay until that motion is ruled on, which will not prejudice Kinoff.

Typically, courts in this judicial district consider the propriety of stay by balancing five factors. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But in this case, Ranta-Curran has asserted qualified immunity. The Supreme Court has expressly stated that "[i]f the defendant does plead the immunity defense, the district court *should* resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (citation omitted) (emphasis added); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("Once a defendant pleads a defense of qualified immunity … [u]ntil this threshold immunity question is resolved, discovery *should not* be allowed.") (quotation omitted) (emphasis added). Instead, once qualified immunity is asserted, a plaintiff "*is not* entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (emphasis added).

Consideration of the *String Cheese* factors also supports a stay of discovery until the Court rules on the Defendants' motion to dismiss. The thrust of the motion

2

to dismiss is that Kinoff's claims are barred by the statute of limitations, a threshold determination that will not unduly delay these proceedings or prejudice Kinoff in the prosecution of her claims. In contrast, a stay will protect Defendants from the burdens of discovery where Kinoff's claims may be dismissed entirely. *Kan. Penn Gaming, LLC. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) Certainly, a stay will convenience the Court by reducing discovery disputes. Similarly, non-parties and the public interest will be served by a stay because the costs of discovery will be borne by the citizens of Colorado.

WHEREFORE, Defendants respectfully request the Court enter an order staying discovery until the Defendants' motion to dismiss is ruled on.

Respectfully submitted this 17th day of May, 2022.

                PHILIP J. WEISER
                Attorney General

                */s/ Skip Spear*
                SKIPPERE SPEAR, No. 32601*
                Senior Assistant Attorney General
                Ralph L. Carr Colorado Judicial Center
                1300 Broadway, 6th Floor
                Denver, CO 80203
                (720) 508-6140
                skip.spear@coag.gov

                ATTORNEY FOR DEFENDANTS
                *counsel of record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Unopposed Motion to Stay Discovery upon all parties herein by filing copies of same using the ECF System, this 17th day of May, 2022 addressed as follows:

Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Rd, Ste 375
Farmington Hills, MI 48334
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

                                             */s/ Jennifer Davis-Weiser*

4