IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02657-RMR-KLM

MARA NICHOLE KINOFF,

    Plaintiff,

v.

COLORADO SCHOOL OF MINES BOARD OF TRUSTEES, in it official capacity,
KARIN RANTA-CURRAN, in her individual capacity, and
DOES 1-10, whose true names are unknown,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery** [#33] (the "Motion"). The Motion [#33] requests that discovery be stayed pending a ruling on Defendants' Motion to Dismiss. *Id.* at 1-2.

Although the stay of discovery and related proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Robert W. Thomas & Anne McDonald Thomas Trust v. First W. Trust Bank*, No. 11-cv-03333-WYD-KLM, 2012 WL 3400532, at *3 (D. Colo. Aug. 14, 2012); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994). As one court noted, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the

time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (internal quotation omitted). When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with the case. *String Cheese Incident*, 2006 WL 894955, at *2).

In this case, the Court finds no potential prejudice or burden to either party from a stay as the Motion [#33] indicates that it is unopposed. *Id*. at 1. The Court infers from this that the parties concur, or at least do not disagree, that the Motion to Dismiss [#23] should be determined prior to spending time and resources on discovery. The Court therefore finds that the first and second *String Cheese Incident* factors weigh in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of the Motion to Dismiss [#23] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**. Discovery is **STAYED** pending resolution of the Motion to Dismiss [#23].

Dated: November 9, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge