# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| MARA NICHOLE KINOFF, | Case No. 1:21-cv-02657-RMR-KLM |
| Plaintiff, | |
| v. | |
| COLORADO SCHOOL OF MINES BOARD OF TRUSTEES, in its official capacity, KARIN RANTA-CURRAN, in her individual capacity, and DOES 1 – 10, whose true names are unknown, | |
| Defendants. | |

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE KRISTEN L. MIX [DOC. 40]

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

BACKGROUND ...................................................................................................... 1

STANDARD OF REVIEW ...................................................................................... 2

OBJECTIONS .......................................................................................................... 3

    A. The Report and Recommendation Erroneously Found that Plaintiff Brought her Claim Outside of the Statute of Limitations. ........................... 3

    B. The Magistrate Judge Erred in Concluding Which Law Applied to Plaintiff's Title IX Claims. ......................................................................... 5

    C. The Magistrate Judge Erred in Concluding Plaintiff's Due Process Rights Were Not Violated. ..................................................................................... 6

CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Baker v. Board of Regents*, 991 F.2d 628 (10th Cir. 1993) ....................................3, 4

*Escue v. N. Okla. Coll.*, 450 F.3d 1146 (10th Cir. 2006)............................................7

*Summers v. State of Utah*, 927 F.2d 1165 (10th Cir. 1991).......................................3

*Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208 (10th Cir. 2014) ........................3

*Wallace v. Kato*, 549 U.S. 384 (2007) .......................................................................3

**Rules**

Fed. R. Civ. P. 72(b)(2)................................................................................................1

Fed. R. Civ. P. 72(b)(3)................................................................................................2

The Plaintiff, Mara Kinoff, for the reasons stated herein, and pursuant to Fed. R. Civ. P. 72(b)(2), files these written objections to Magistrate Judge Kristen L. Mix's February 9, 2023, Report and Recommendation (ECF 40).

## BACKGROUND

This case arises from Defendants' deliberate indifference towards the sexual assault suffered by Plaintiff while she was a student at Colorado School of Mines ("Mines"). Plaintiff enrolled at Mines during the fall of 2014 and was a member of the ROTC program. (ECF 21). Shortly thereafter, Plaintiff began a romantic relationship with another student, and fellow member of the ROTC program that unfortunately turned abusive. *Id*. This abuse culminated on January 24, 2015, when Plaintiff was physically assaulted by her partner. *Id*. After fleeing from her partner, Plaintiff received several voicemails in which her partner threatened to commit suicide if she did not return to him. *Id.*

Plaintiff promptly reported this assault to her ROTC captain. *Id*. The incident was also reported to the Mines Title IX office, which was headed by Defendant Karin Ranta-Curran. *Id*. As the lead Title IX coordinator, Defendant Ranta-Curran had a legal duty to initiate an investigation. *Id*. However, the Title IX report was opened and closed on the same day with no further response. *Id*. The Title IX incident was never investigated, and Plaintiff never received any support from the Mines Title IX office.

As a result of Defendant Ranta-Curran's deliberate indifference, Plaintiff suffered immense emotional and psychological turmoil. *Id*. The trauma rendered Plaintiff unable to travel on campus by herself due to fear of encountering her attacker. *Id*. The trauma drove Plaintiff to drop out of the ROTC program and move out of her dorm. *Id*. As her mental state continued to deteriorate, Plaintiff developed severe anxiety and depression which prevented her undertaking basic life tasks and caused her normally outstanding grades to slip. *Id*. Defendants failure to investigate and protect Plaintiff eventually led to Plaintiff dropping out of Mines entirely. *Id*.

Plaintiff learned of the deliberate indifference of the Mines Title IX office on June 25, 2020. *Id*. On that date, Plaintiff sent an email to the Mines Title IX office inquiring about the reported sexual assault she suffered while enrolled. *Id*. Only then was she informed that her Title IX report had been filed and subsequently closed on January 30, 2015. *Id*.

## STANDARD OF REVIEW

The District Judge reviews a Magistrate Judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. De novo review of a Magistrate Judge's decision is compelled when a timely objection is filed. *Summers v. State of Utah*,

927 F.2d 1165, 1167 (10th Cir. 1991).

In this case, it is requested that the Court reject the Magistrate Judge's recommendation.

## **OBJECTIONS**

### A. The Report and Recommendation Erroneously Found that Plaintiff Brought her Claim Outside of the Statute of Limitations.

The statute of limitations for Title IX and § 1983 claims are determined by a state's personal injury statute, the date of accrual for a federal claim is governed by federal law. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Pursuant to the "discovery rule", a federal claim is accrued, and the corresponding statute of limitations begin to run only when a Plaintiff knows or has reason to know of the facts necessary to establish their federal claim. *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993).

Plaintiff filed a Title IX complaint while a student at Defendant Mines. Due to the emotional injury caused, Plaintiff was unable to continue her degree program and withdrew from the University. The process after filing of a Title IX complaint includes the University conducting an investigation. To Plaintiff's knowledge, an investigation was occurring following her filing of the complaint as is required. Defendant Mines did not inform Plaintiff that they had opened and closed Plaintiff's

Title IX case on the same day. It was not until June 25, 2020, that Plaintiff became aware of the status of her Title IX case being closed, way back on the day that it was initiated by the Title IX office.

The issue presented in the motion to dismiss, and subsequent briefing is when the statute of limitations began to run. The statute of limitations begins to run only when a Plaintiff knows or has reason to know of the facts necessary to establish their federal claim. *Baker* at 632. Plaintiff was unaware of the Defendants failure to act until June 25, 2020. As such, Plaintiff did not have the facts necessary to establish her claims for a Title IX violation until such facts had come to be known.

The Magistrate erroneously determined that Plaintiff was required by law to diligently discover that Defendant Mine's had failed to act. As such, since Plaintiff did not diligently discover Mine's failure that her claims are time barred as a result. Regardless of whether Plaintiff should or could have called the Title IX office to inquire about the status of her complaint prior to June 25, 2020, Plaintiff was not required to act in such a way.

Plaintiff became aware of the facts leading to Plaintiff's causes of action on June 25, 2022. As such, the statute of limitations began to run on June 25, 2020, resulting in Plaintiff's statute of limitations expiring on June 25, 2022. Plaintiff timely filed her complaint with the United States District Court for the District of Colorado on September 30, 2021. (ECF 01).

Therefore, the statue of limitations has not expired on these claims. The Magistrate's report must be rejected in so far as it suggests otherwise.

**B.     The Magistrate Judge Erred in Concluding Which Law Applied to Plaintiff's Title IX Claims.**

The Magistrate Judge erroneously applied the current Title IX regulations to the current claim. Plaintiff filed her Title IX complaint with Defendant Mines under the prior regulatory issuance in place at the time of the violation. The new Title IX regulations did not go into effect until August 2020, well after the incident occurred, was reported and the claim began to accrue.

Pursuant to the current Title IX regulations and those discussed in the Magistrate Judge's report and recommendation, it is not alleged that the Defendants maintained control of the location in which the sexual assault occurred. Under the regulations in place at the time all off-campus locations were included under the school's jurisdiction. The legal standard of "exercises substantial control" was not in effect until August 2020 and thus was misapplied.

The prior regulations to as to whether the University behaved "reasonably" when responding to Title IX complaint. In opening and closing Plaintiff's Title IX complaint, absent an investigation, Defendants did not act reasonably.

Therefore, the law regarding Title IX to be applied on Plaintiff's claims is that in effect at the time the incident occurred and the Title IX complaint was lodged.

Defendant's do not get to sub skirt their behavior in light of new regulations, not in place, thus requiring action, at the time of the event. The Magistrate Judge's report must be rejected in so far as it applied improper law not in effect at the time of the incident.

### C. The Magistrate Judge Erred in Concluding Plaintiff's Due Process Rights Were Not Violated.

The Magistrate Judge erroneously determined that Defendants did not violate Plaintiff's due process rights.

Defendants failed to fulfill their duty under Title IX. Defendants were required under the law to investigate a Title IX complaint. Plaintiff notified the school of the sexual assault which under the Title IX regulations at the time triggered Defendants duty to investigate. Defendants failed to execute an investigation thus failing to protect Plaintiff. The Magistrate Judge erroneously concludes that Plaintiff does not have enough evidence to support a violation of due process. A conclusion that is not supported by the record.

Defendants failing to investigate Plaintiff's Title IX claim, and taking the affirmative steps to close the file on the same day that it was initiated is a direct action placing Plaintiff in direct danger. Defendants' actions were made with deliberate indifference to Plaintiff.

What the Mines employees knew about the assaultive behavior is a matter of

fact to be determined by the trier of fact in the case. Defendants were put on notice of the sexual assault that occurred through the filing of the Title IX complaint. an institution is deemed to have "actual knowledge" when a school official with "authority to take corrective action" is made aware of sex-based discrimination or harassment. *Escue v. N. Okla. Coll*., 450 F.3d 1146, 1153 (10th Cir. 2006). Plaintiff further told Mine's ROTC staff of the sexual assault. The facts of the case remain disputed. Therefore, there remains issues of fact on these claims to be determined by a trier of fact. The Magistrate Judge's report must be rejected in so far as it suggests otherwise.

## CONCLUSION

For the foregoing reasons, the assigned District Judge should modify or reject the Report and Recommendation. Defendant's Motion to Dismiss should be denied and a trial date should be set.

Dated: February 23, 2023

                                                  Respectfully submitted,

                                                  */s/ Keith Altman*
                                                  Keith Altman, Esq.
                                                  THE LAW OFFICE OF KEITH ALTMAN
                                                  33228 West 12 Mile Road, Suite 375
                                                  Farmington Hills, Michigan 48331
                                                  Telephone: (248) 987-8929
                                                  keithaltman@kaltmanlaw.com

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing document upon all parties herein by filing copies of same using the ECF System, this 23rd day of February 2023 addressed as follows:

R. Warren Beck
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6140
warren.beck@coag.gov

                                                                */s/ Keith Altman*