IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-02657-RMR-KLM

MARA NICHOLE KINOFF,

    Plaintiff,

v.

COLORADO SCHOOL OF MINES BOARD OF TRUSTEES,
in its Official Capacity,

KARIN RANTA-CURRAN,
in her Individual Capacity,

and

DOES 1–10,
whose True Names are Unknown,

    Defendants.

## ORDER

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix, ECF No. 40, addressing the Motion to Dismiss First Amended Complaint, ECF No. 23, of Defendants the Colorado School of Mines Board of Trustees and Karin Ranta-Curran. For the reasons stated below, the Court ACCEPTS AND ADOPTS and incorporates the Recommendation by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I.   BACKGROUND

**A.   Factual Background**

The factual background of this case is fully laid out in the Recommendation.  *See* ECF No. 40 at 2–5.  The Recommendation's statement of facts is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Accordingly, the Court re-states the factual background only to the extent necessary to address Plaintiff's Objection.  As stated in the Recommendation, "[a]ll well-pled facts from the [First Amended Complaint] [#21] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant."  ECF No. 40 at 2 n.1 (citing *Barnes v. Harris*, 783 F.3d 1185, 1191–92 (10th Cir. 2015)).

Plaintiff was enrolled as a student at the Colorado School of Mines ("Mines") from the Fall of 2014 to the Spring of 2016.  Upon her enrollment at Mines, Plaintiff, who was her high school class valedictorian, was a scholarship student with the Army Reserve Officers' Training Corps ("ROTC") program.  At all times relevant to this action, Defendant Ranta-Curran was the lead Title IX coordinator at the Mines.

In November of 2014, Plaintiff began a romantic relationship with another, unidentified member of the ROTC program who was also a student ("Student").  Shortly after the relationship began, Student exhibited abusive behavior toward Plaintiff by "acting in a controlling manner" and "physically assault[ing] her on several occasions."  *See* ECF No. 21 ¶ 14.  This "culminated" in an incident in January of 2015, in which Student "slapped [Plaintiff] with enough force to knock the wind out of her."  *Id.* ¶ 15.  Later that night, Student left multiple voicemails on Plaintiff's phone threatening to commit suicide if

she did not return to him. Plaintiff "did not feel safe reporting for [ROTC] training where Student would be present" and "reported the domestic violence to her ROTC Captain." *Id.* ¶ 16. Plaintiff alleges that "the only support that [she] received from anyone at [Mines]" was when "[i]n late January of 2015, an employee of [Mines] visited [Plaintiff] to share instructions on how to schedule a counseling appointment." *Id.* ¶ 17. Plaintiff alleges that she "no longer felt safe on [the Mines] campus due to her fear of Student" and that she dropped out of the ROTC program and moved off campus. *Id.* ¶ 19, 21–22. By January 2016, she was experiencing depression and anxiety, her grades slipped, and she was placed on academic probation. *Id.* ¶ 23. In May of 2016, Plaintiff "made the decision to withdraw from [Mines] to focus on her mental health challenges." *Id.* ¶ 24. "Student never faced disciplinary consequences and graduated from [Mines] in 2016." *Id.* ¶ 25.

Years later, "on June 25, 2020, [Plaintiff] sent an email to the current [Mines] Title IX coordinator inquiring whether a Title IX report had ever been filed regarding the domestic violence she suffered from Student." *Id.* ¶ 26. She was informed that "a Title IX report," which Plaintiff alleges contained several inaccuracies, "had been filed and closed on January 30, 2015." *Id.*

### B. Procedural History

On September 30, 2021, Plaintiff filed a Complaint in this Court bringing a claim under Title IX of the Education Act Amendments of 1972 against Defendants the Colorado School of Mines Board of Trustees, Karin Ranta-Curran, and Does 1–10. ECF No. 1 ¶¶ 32–40. Plaintiff also brought a claim for negligence against Defendants Ranta-Curran and Does 1–10. *Id.* ¶¶ 41–46. On January 26, 2022, Plaintiff filed a Joint Stipulation and

[Proposed] Order for Leave to File Amended Complaint, ECF No. 12, and the Court granted leave to file an Amended Complaint within 30 days, ECF No. 13.  On February 25, 2022, Plaintiff filed the First Amended Complaint for Violations of Title IX of the Education Act Amendments of 1972 and 42 U.S.C. § 1983, bringing a claim against the Colorado School of Mines Board of Trustees for violation of Title IX, ECF No. 21 ¶¶ 29–43, and bringing claims pursuant to 42 U.S.C. § 1983 against Defendants Ranta-Curran and Does 1–10 for violation of Plaintiff's equal protection and substantive due process rights, *id.* ¶¶ 44–74.  The First Amended Complaint remains the operative pleading in this case.

On March 14, 2022, Defendants the Colorado School of Mines Board of Trustees and Ranta-Curran filed the present Motion to Dismiss First Amended Complaint, ECF No. 23, which the undersigned referred to Magistrate Judge Mix, ECF No. 27.  The Motion to Dismiss was fully briefed, and on February 9, 2023, Magistrate Judge Mix entered the present Recommendation that the Motion to Dismiss be granted because "all claims . . . are time-barred" and, "[e]ven if the claims were not barred by the statute of limitations, . . . Plaintiff has failed to state plausible Title IX and substantive due process claims."  ECF No. 40 at 10.  On February 23, 2023, Plaintiff timely filed Plaintiff's Objection to Report and Recommendation of Magistrate Judge Kristen L. Mix [Doc. 40], ECF No. 41.  Defendants filed Defendants' Response to Plaintiff's Objection to Report and Recommendation of Magistrate Judge Kristen L. Mix, ECF No. 42, on March 8, 2023.  The matter is ripe for review by this Court.

## II.     LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).  In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  When no proper objection is filed, "the court need only satisfy itself that there

5

is no clear error on the face of the record in order to accept the recommendation."[1]  Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

The Court has reviewed de novo the Amended Complaint, ECF No. 21; the briefing on the motion to dismiss, ECF Nos. 23, 29, 35; the Recommendation, ECF No. 40; the Objection, ECF No. 41; the Response to the Objection, ECF No. 42; and the entire record. The Court concludes that the Recommendation accurately sets forth and applies the appropriate legal standards.  Therefore, the Court OVERRULES Plaintiff's Objection, ECF No. 41, and ACCEPTS and ADOPTS the Recommendation, ECF No. 40, as stated below.

### III.   ANALYSIS

Plaintiff raises three objections to the Recommendation: (1) that the Recommendation errs in finding that Plaintiff brought her claims outside of the statute of limitations; (2) that the Recommendation errs in concluding that the current Title IX regulations apply to Plaintiff's claim, rather than the Title IX regulations that were in place at the time of the incident alleged; and (3) the Recommendation errs in concluding that Plaintiff's due process rights were not violated.  For the reasons stated below, the Court OVERRULES Plaintiff's first objection and, accordingly, ACCEPTS AND ADOPTS the Recommendation to dismiss the First Amended Complaint with prejudice because the claims are time-barred and amendment would be futile.  Accordingly, it is not necessary for the Court to address the additional objections regarding the additional reasons stated

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g., Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

in the Recommendation to dismiss for failure to state a claim regarding the Title IX and substantive due process claims.

Plaintiff argues, in pertinent part, that "the statute of limitations has not expired on these claims" and that the Recommendation "must be rejected in so far as it suggests otherwise." ECF No. 41 at 8. Plaintiff does not object to Magistrate Judge Mix's conclusion that the Colorado two-year limitation on personal injury claims brought pursuant to Title IX and § 1983 applies to this case. *Compare* ECF No. 40 at 7 (citing Colo. Rev. Stat. § 13-80-102(1)(g); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993)), *with* ECF No. 41 at 6. Nor does Plaintiff object to Magistrate Judge Mix's conclusion that the federal "discovery rule" applies to the question of when Plaintiff's claims accrued. *Compare* ECF No. 40 at 8–9, *with* ECF No. 41 at 6–7. Finally, Plaintiff does not object to the Recommendation's determination that the same statute of limitations and related "discovery rule" apply to both her Title IX claim and her claims arising pursuant to 42 U.S.C. § 1983 for violations of her equal protection and substantive due process rights. *Compare* ECF No. 40 at 7 (citing *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994)), *with* ECF No. 41 at 6 (citing *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212–13 (10th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) ("The statute of limitations for Title IX and § 1983 claims are determined by a state's personal injury statute, the date of accrual for a federal claim is governed by federal law.").

As stated in the Recommendation, the "discovery rule" "delays accrual of a claim until the plaintiff knew or should have known the facts necessary to establish her cause of action." ECF No. 40 at 8–9 (quoting *Varnell*, 756 F.3d at 1216); *see also Baker v.*

7

*Board of Regents of the State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). "[T]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Varnell*, 756 F.3d at 1216; *see also Baker*, 991 F.2d at 632 ("[I]t is not necessary that a claimant know of all of the evidence ultimately relied on for the cause of action to accrue."); *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004) ("[A] plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations."). Courts "focus on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216; *see also Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) ("The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of [the] action."). "In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Alexander*, 382 F.3d at 1216; *see also Industrial Constructors*, 15 F.3d at 969 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

As stated above, *see supra* Section I.A., the First Amended Complaint alleges that "on June 25, 2020, [Plaintiff] sent an email to the current [Mines] Title IX coordinator inquiring whether a Title IX report had ever been filed regarding the domestic violence she suffered from Student. [Plaintiff] was informed that a Title IX report had been filed and closed on January 30, 2015." ECF No. 21 ¶ 26. Plaintiff argues in response to the

Motion to Dismiss that she "had until June 25, 2022, to file her complaint and she timely did so on September 30, 2021." ECF No. 29 at 7. However, the Recommendation "rejects Plaintiff's argument that the limitations period began running on June 25, 202[0], which is the date Plaintiff argues that she 'became aware of the facts necessary to establish her federal claims.'" ECF No. 40 at 9 (quoting ECF No. 29 at 6). The Recommendation "finds instead that the facts that would support a federal cause of action were or should have been apparent at least by the date when Plaintiff withdrew from Mines in May 2016." *Id.* This would mean that Plaintiff had until May of 2018 to file this action, which she did not file until September of 2021. Plaintiff objects, arguing that she "was unaware of the Defendants['] failure to act until June 25, 2020. As such, Plaintiff did not have the facts necessary to establish her claims for a Title IX violation until such facts had come to be known." ECF No. 41 at 7.

The Court overrules this objection to the Recommendation. The Recommendation finds, and Plaintiff does not object to the finding, that "Plaintiff alleges numerous situations in which she lived in fear of encountering Student on campus between late January 2015 and May 2016" and that "Plaintiff was further aware during the time she was enrolled at Mines that 'Student never faced disciplinary consequences and graduated from [Mines] in 2016.'" ECF No. 40 at 9 (quoting ECF No. 21 ¶ 25); *see also* ECF No. 41 at 6 ("Due to the emotional injury caused, Plaintiff was unable to continue her degree program and withdrew from the University."). Hence, the Court agrees with the Recommendation that Plaintiff was aware of inaction by Mines that caused her harm—specifically, Plaintiff at least knew of Mines' failure to discipline Student and his continued presence on campus

and in the ROTC program that caused her to "live in fear of encountering Student"—by the time she withdrew from Mines in May of 2016. The fact that Plaintiff did not know until June of 2020 the additional information that "a Title IX report had been filed and closed on January 30, 2015" does not extend the accrual date of Plaintiff's claim because "it is not necessary that a claimant know **all** of the evidence ultimately relied on for the cause of action to accrue." See *Baker*, 991 F.2d at 632 (emphasis added); see also *Alexander*, 382 F.3d at 1216 ("[A] plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations.").

In her Objection, Plaintiff alleges that she "filed a Title IX complaint while a student at Defendant Mines." ECF No. 41 at 6. This appears to contradict the allegation in her First Amended Complaint that Plaintiff "was never informed by Defendant Ranta-Curran or any Doe Defendant if a Title IX or police report had been filed on her behalf." *See* ECF No. 21 ¶ 16. As stated in the Recommendation, on a Motion to Dismiss, the Court must "accept[] as true and view[] in the light most favorable to Plaintiff as the nonmovant" the facts pled in the operative complaint. *See* ECF No. 40 at 2 n.1 (citing *Barnes*, 783 F.3d at 1191–92). While the First Amended Complaint alleges that Plaintiff "reported the domestic violence to her ROTC Captain," ECF No. 21 ¶ 16, it does not allege that she filed a complaint with the Mines Title IX office.

An objection to a magistrate judge's recommendation is neither a timely nor proper filing in which to amend—or move to amend—the allegations in the operative complaint. *See, e.g., Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.");

10

*Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206–07 (D. Colo. 2015) (Moore, J.) ("Plaintiff . . . cannot amend [the] complaint by adding factual allegations in response to Defendant's motion to dismiss."); *Vue v. Harmon*, No. 08-cv-00148-PAB-MJW, 2009 WL 4908391, at *2 (D. Colo. Dec. 18, 2009) (Brimmer, C.J.) (rejecting factual allegations raised for the first time in an objection to a magistrate judge's recommendation); *Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2020 WL 6268630, at *14 (D. Colo. Oct. 26, 2020) (Krieger, J.) (declining to address the pro se plaintiff's apparent motion contained within her objections to the magistrate judge's recommendation because it violated Local Rule 7.1(d)); D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document.").  Therefore, the Court need not consider or accept as true the allegation made in the Objection that "Plaintiff filed a Title IX complaint while a student at Defendant Mines."  *See* ECF No. 41 at 6.

Even if the Court were to accept as true and consider this allegation, it would arguably weigh even more in favor of finding that Plaintiff knew of the alleged harms by the time she withdrew from Mines because, if true, such an allegation would seem to indicate that Plaintiff was already directly in communication with the Mines Title IX office, by directly complaining to it, and yet knew that Mines was taking little to no action regarding that complaint.  However, for the reasons stated above, even accepting only

11

the allegations within the four corners of the First Amended Complaint as true, the Court still finds that Plaintiff "knew facts that would put a reasonable person on notice that wrongful conduct caused the harm" by the time she left Mines in May of 2016—more than five years before she filed the Complaint in this case. *See Alexander*, 382 F.3d at 1215; ECF No. 1.

The Recommendation goes on to state that, "[i]nstead of attempting to diligently discover the relevant facts about Mines' investigation (or lack thereof) of the assaults against Plaintiff, Plaintiff chose not to do so and to sit on her rights for years with no explanation" and that "Plaintiff had a duty to exercise reasonable diligence in connection with her claim." ECF No. 40 at 10. Plaintiff objects that Magistrate Judge Mix "erroneously determined that Plaintiff was required by law to diligently discover that Defendant Mine's [sic] had failed to act." ECF No. 41 at 7. According to Plaintiff, "[r]egardless of whether Plaintiff should or could have called the Title IX office to inquire about the status of her complaint prior to June 25, 2020, Plaintiff was not required to act in such a way." *Id.* However, the Recommendation does not impose any duty on Plaintiff above the obligation that has been previously required of plaintiffs by the Tenth Circuit, which is that they "**must use reasonable diligence** in seeking to discover facts giving rise to a claim for relief." *See Alexander*, 382 F.3d at 1216 (emphasis added); *see also Industrial Constructors*, 15 F.3d at 969 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of **reasonable diligence**.") (emphasis added). In any case, regardless of the extent of Plaintiff's duty to seek to discover the additional facts about the Mines Title IX office's action or inaction regarding any Title IX

complaint or file related to Plaintiff, for the reasons stated above, Plaintiff already "knew facts that would put a reasonable person on notice that wrongful conduct caused the harm" by the time she withdrew from Mines. *See Alexander*, 382 F.3d at 1215.

Plaintiff's Title IX claim and her claims brought under 42 U.S.C. § 1983 are barred by the statute of limitations and must be dismissed. Therefore, the Court OVERRULES Plaintiff's Objection regarding this conclusion in the Recommendation and therefore ACCEPTS AND ADOPTS the Recommendation to dismiss Plaintiff's claims with prejudice. Accordingly, the Court need not address Plaintiff's additional objections to the additional reasons discussed in the Recommendation why the First Amended Complaint fails to state a Title IX claim or substantive due process claim. *See* ECF No. 40 at 10–16; ECF No. 41 at 8–10.

## IV. CONCLUSION

For the reasons stated above, it is

ORDERED that Plaintiff's Objection to Report and Recommendation of Magistrate Judge Kirsten L. Mix [Doc. 40], ECF No. 41, is OVERRULED; it is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 40, is ACCEPTED and ADOPTED; it is

FURTHER ORDERED that the Motion to Dismiss First Amended Complaint, ECF No. 23, is GRANTED, and Plaintiff's First Amended Complaint for Violations of Title IX of the Education Act Amendments of 1972 and 42 U.S.C. § 1983, ECF No. 21, is

DISMISSED WITH PREJUDICE because the claims are time-barred and amendment would be futile.

DATED:  March 16, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge